PAYNE, J.,
concurring:
¶ 22. I was on the panel and voted with the majority in the first case, and here do the same. However, I must comment that none of us in the judicial system has extensive knowledge concerning either child sexual abuse or concerning characteristics of Down’s Syndrome that should allow us to feel comfortable with the outcome of this case. I remember a former Mississippi Supreme Court Justice, who shall forever remain nameless, who was heard to say in regard to a child abuse case, “I just don’t believe a father could do that to his child.” Therefore, as far as that judge was concerned that particular man did not abuse his child. To the contrary, I understand that our job as judges is to try to discover truth and apply prevailing law to it without interjecting our personal biases or preconceptions. The chancellor in this case was faced with a very difficult case, as are we, but I am troubled by his impression which underlies his decision that the *675 allegations were “so far fetched against the alleged perpetrator that they simply cannot be believed,” and that this was a “sham perpetrated by an estranged wife who was simultaneously trying to terminate the father’s parental rights, and to destroy him,” as this Court noted in its initial opinion on this matter before remand.
¶ 23. I find it obvious from an abundance of the testimony that this child has been introduced to sexual activity which is inappropriate and is beyond her ability to initiate. I also find it obvious that the record does not contain sufficient evidence to connect this father to the abuse. This is similar to the case of Doe v. Doe, 644 So.2d 1199 (Miss.1994), where there was no question about the fact of sexual abuse of the daughter at the deer camp when the child was in her father’s custody. However, since there was no conclusive proof as to which of the men in the child’s family actually did the acts, nothing could be done to stop the abuse. I understand about “burden of proof,” “clear and convincing evidence” and deferential treatment of findings of fact. Nonetheless, I would hope that the opinion in the case sub judi-ce would not be used to aid in disregarding the reality of child abuse, but would be used to reinforce the responsibility of the courts and society to protect these powerless children.
¶ 24. In the 1990’s when the subject of child abuse seemed to be the legal “hot item,” a popular bumper sticker simply stated, “Listen to the children.” Granted, the child in the present ease is difficult to understand due to her mental condition and none of us has received the wisdom of Solomon. Yet, it saddens me that we have a child who obviously has been introduced to and allowed to participate in inappropriate sexual behavior for years and the end result is that nothing has changed. This is one of those times that the stark reality of my limitations as a judge bothers me. This is a case where someone in authority in the justice system needs to be emphasizing the best interest of the child, not just the rights of the parents.
¶ 25. Help is available for abused children regardless of who or what is responsible for the abuse. I would hope that these parents would quit fighting and together seek appropriate help for this child. I concur in the opinion, but I abhor the unaddressed situation.